UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDSEY R. TOFSRUD,<br><br>                  Plaintiff,<br><br>      vs.<br><br>JOHN E. POTTER, Postmaster; DAVID KENNEDY, et ux; the UNITED STATES OF AMERICA,<br><br>                  Defendants. | No.   CV-10-090-JLQ<br><br>ORDER ON MOTION TO DISMISS |

Before the court is the Defendants' Motion To Dismiss (C.R. 21) noted for hearing without oral argument for August 17, 2010.

## **FACTUAL and PROCEDURAL BACKGROUND**

Plaintiff alleges in her First Amended Complaint that in December of 2007, the Plaintiff commenced employment as a seasonal worker at the United States Postal Service (USPS) Processing and Distribution Center in Spokane, Washington. Commencing in February of 2008, Plaintiff was employed by the USPS in Spokane as a casual clerk, which was a full time but not a career position and without career termination protections. Plaintiff alleges that the Defendant David Kennedy was the Plaintiff's supervisor with actual or apparent authority over the Plaintiff. Plaintiff alleges that commencing in April or May of 2008, Defendant Kennedy "began making rude and harassing comments to plaintiff (sic) and tormenting her regularly." Plaintiff further alleges that Kennedy physically assaulted her by striking her in the face. Kennedy denies that allegation and in turn claims this amounted to a finger pointing incident.  Plaintiff admits she did not file any "formal" complaints of Kennedy's conduct, allegedly because

ORDER - 1

of intimidation by Kennedy and fear of termination by Kennedy.

Plaintiff further alleges in her First Amended Complaint that by reason of the conduct of Kennedy she gave notice on November 7, 2008 of resignation from her position effective November 28, 2008. On her final workday, November 25, 2008, the Plaintiff was interviewed by USPS personnel when she allegedly provided detailed information as to the hostile work environment and harassment by Kennedy, including the alleged assault and battery. Plaintiff first contacted a postal agency EEOC counselor on February 2, 2009. She was interviewed on February 2, 2009 and filed a formal EEOC complaint on March 26, 2009.

Plaintiff commenced this action in Spokane Count Superior Court on February 5, 2010. The United States removed the action to this court on April 2, 2010. The United States then filed a notice of its substitution as a Defendant in place of David Kennedy as to actions alleged taken by Kennedy as a postal employee. On April 5, 2010, the Government filed a Motion For More Definite Statement (C.R. 2) which, after several extensions of time requested by counsel, was granted by the court's Order of May 24, 2010. That Order authorized the Plaintiff to respond to the More Definite Statement Motion by the filing of an Amended Complaint. The First Amended Complaint was filed on May 26, 2010 (C.R. 15).

## **MOTION TO DISMISS ISSUES and RULINGS**

The Plaintiff first seeks to have the Motion To Dismiss denied on procedural grounds, contending that the Defendants are in default by reason of their failure to file an Answer to the First Amended Complaint and the alleged violation of Federal Rule of Civil Procedure (FRCP) 12(g)(2) which prohibits the filing of successive motions. However, such Rules do not prohibit the filing of a Motion To Dismiss before answering challenging the failure to state claims after the filing of the Amended Complaint pursuant to the court's Order. Plaintiffs also claim the Motion To Dismiss should be denied since the Defendants have not yet filed their Answer to the First Amended Complaint.

ORDER - 2

However, the filing of a Motion To Dismiss defers the time for the filing of the Answer. Plaintiff also seeks to have the Motion To Dismiss denied pursuant to FRCP 12(d), contending that the Defendants alleged matters outside the pleadings. However, the court will only consider matters within the pleadings and those that are uncontested. Therefore the Plaintiff's request to deny the Motion to Dismiss on procedural grounds is DENIED.

## COUNTS 1, 2, & 3-EMPLOYMENT RELATED CLAIMS

The Government seeks to dismiss the Plaintiff's Title VII claims of discrimination, harassment, and retaliation against the Defendant Kennedy. The Government also seeks to dismiss the claims against the Postmaster by reason of the failure of the Plaintiff to file a timely EEOC claim. The Plaintiff in turn seeks to avoid dismissal by claiming that the alleged wrongful action of Kennedy can be made the basis of a state claim of wrongful discharge, harassment, and hostile work environment constituting a violation of the public policy of the state of Washington. However, such state law claims must be dismissed since it is clear that Title VII is the exclusive remedy for federal employment discrimination, including harassment. *Brown v. General Services Administration*, 425 U.S. 820, 829. Title VII does not allow claims against individual federal employees other than against the head of the agency who must be the named defendant. 42 U.S.C. § 2000e-16e. Further, to the extent the Plaintiff bases her employment claims on state law, such claims must be dismissed since other than Title VII claims, adverse personnel and employment claims are limited by the federal Civil Service Reform Act and the Federal Employees Compensation Act. *Mangano v. United States*, 529 F. 3d 1243 (9th Cir. 2008) and *Figuero v. United States*, 7 F. 3d 1405, 1407 (9th Cir. 1993).

Counts 1, 2, & 3, the Title VII employment and state law employment claims, must be and are Dismissed as to the Defendant Kennedy.

The Defendants further assert that the Title VII Claims 1, 2, and 3 must be dismissed against all Defendant by reason of the failure of the Plaintiff to timely exhaust her administrative remedies through the filing of a complaint with the EEOC within 45

ORDER - 3

days of the alleged discriminatory act as required by 29 C.F.R. § 1614.105(a). In her response to the Motion To Dismiss the Plaintiff does not address this Title VII EEOC complaint requirement. The earliest possible date of a possible complaint by the Plaintiff was on November 25, 2008, and thus any Title VII claims against the Postmaster arising prior to October 10, 2008, must be Dismissed.

The Defendant's Motion To Dismiss Counts 1, 2, & 3, the Title VII claims, is Granted to the extent that no conduct prior to October 10, 2008, may be the basis for such claims against the Defendant Postmaster.

The final issue raised by the Government as to the Title VII Count 3 is that the Plaintiff has not alleged that the alleged retaliation against her arose out of "protected activity" on the part of the Plaintiff that was the basis for alleged adverse action against her. *Ray v. Henderson*, 217 F. 3d 1234, 1240 (9th Cir. 2000). While further development of the facts in this matter may or may not establish that the Plaintiff was engaged in "protected activity," based upon the allegations of the First Amended Complaint, the court determines that the Motion To Dismiss the Title VII retaliation allegations against the Postmaster in Count 3 shall at this juncture of the case be Denied.

## COUNTS 4 & 5-ASSAULT/BATTERY & NEGLIGENCE

The Government has moved on various grounds to dismiss the assault and battery claims against it as well as those claims against the Defendant Kennedy. No Federal Tort Act claim has been filed by the Plaintiff. However, the Plaintiff concedes that it is not pursuing the assault and battery claims against the United States. As to the negligence claim against the United States existing by reason of the Government's substitution as the Defendant in lieu of the defendant Kennedy, the court finds that such a claim against the United States is barred by reason of the failure of the Plaintiff file a claim with the appropriate agency as required by 28 U.S.C. § 2675(a). The negligence claim against the Defendant Kennedy is precluded by 28 U.S.C. § 2679 where the United States has been substituted for the individual government employee.

ORDER - 4

The court finds that the common law assault and battery claim against the Defendant Kennedy has been properly pled and a Federal Tort Claims Act claim was not required prior to the institution of the action. The Motion To Dismiss the assault and battery claims against the Defendant Kennedy is Denied, but Granted as to all other Defendants including the negligence claim against the Defendant Kennedy.

## COUNT 6-VICARIOUS LIABILITY

The Plaintiff at page 22 of her response to the Motion to Dismiss concedes, in effect, any claim for vicarious liability on the part of the Government or the Postal Service as being duplicative and the court therefore dismisses Claim 6 subject to the liability of the Government on the Title VII claims.

## COUNT 7-CONSTITUTIONAL & STATUTES CLAIMS

The Government also seeks to dismiss the claims based upon the Washington State and United States constitutions set forth in Count 7. The Plaintiff, in her response to the Motion To Dismiss, at page 23, line 7 states that "the Plaintiff simply asserts violation of law and does not describe 'Count 7' as a cause of action." Plaintiff seeks to establish a violation of "public policy." Since, pursuant to this Order, the Plaintiff's claims are limited to those under Title VII and the common law tort claims against the Defendant Kennedy, evidence of "public policy" is not relevant to the employment claims which are controlled by federal law. To the extent stated herein, the Motion To Dismiss Count 7 is Granted.

Based upon the foregoing, IT IS HEREBY ORDERED that the Defendants' Motion To Dismiss (C.R. 21) is Granted in Part and Denied in part as stated herein.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 23rd day of August, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5