UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDSEY R. TOFSRUD, a single person,<br><br>        Plaintiff,<br><br>   vs.<br><br>JOHN E. POTTER, as Postmaster General of the United States Postal Service, a federal governmental entity; and DAVID KENNEDY and JANE DOE KENNEDY, individually and as a marital community; and the UNITED STATE OF AMERICA;<br><br>        Defendants. | NO. CV-10-90-JLQ<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION;**<br><br>**AMENDING AND SUPPLEMENTING AUGUST 23, 2010 ORDER RE: MOTION TO DISMISS;**<br><br>**GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE PURSUANT TO RULE 56(F)** |

**BEFORE THE COURT** is Defendants' Motion for Reconsideration (Ct. Rec. 36) of the court's Order on Defendants' Motion to Dismiss entered August 23, 2010. Upon further review, the court GRANTS the Motion to Reconsider and enters this Order which both amends and supplements the court's August 23, 2010 ruling.

**I.     Relevant Background**

Plaintiff initially filed this action in Spokane County Superior Court. Defendant removed the action to this court. On June 8, 2010, the United States Attorney certified that Defendant Kennedy was acting within the scope of his employment. This certification was filed along with a "Notice of Substitution" and proposed order, which was filed with the court as a motion and was noted for hearing six days later (in violation of local rule 7.1) on June 14, 2010 without oral argument. Plaintiff failed to respond to the "motion." On July 2, 2010, the court entered an order which substituted the United States as the sole party Defendant (in lieu of Defendant Kennedy) as to Plaintiff's fourth

ORDER - 1

and fifth claims for relief (assault and battery, and negligence).   Ct. Rec. 24.

Defendant then filed a partial Motion to Dismiss.  The Motion included the request for dismissal of Plaintiff's Title VII claims for failure to properly exhaust within the 45-day limitation period for federal employees.  It also requested dismissal of the assault and battery tort claim asserted <u>against the United States</u> arguing the Federal Tort Claims Act excludes intentional torts from its coverage.  Ignoring the fact that the United States had been substituted by the court as the party defendant, the Plaintiff contended she was not asserting assault and battery claims against the United States but rather common law claims against Defendant Kennedy.

In ruling on this claim in its August 23, 2010 Order, the court found "that the common law assault and battery claim against the Defendant Kennedy has been properly pled and a Federal Tort Claims Act claim was not required prior to the institution of the action."  The court's Order denied the motion to dismiss the common law assault and battery claims against Defendant Kennedy.   Defendant now moves the court to reconsider this ruling.

Defendant also seeks the court to reconsider its ruling that "The earliest possible date of a possible complaint by the Plaintiff was on November 25, 2008, and thus any Title VII claims against the Postmaster arising prior to October 10, 2008, must be dismissed."  Defendant contends the limitation period began on November 23, 2008, not October 10, 2008.

**II.     Legal Analysis**

**A.     Legal Standard**

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders, such as an order granting a partial motion to dismiss. *See, e.g.*, Fed.R.Civ.P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica*

ORDER - 2

*Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886-87.

Utilizing the standard when evaluating a motion to amend a judgment under Rule 59(e), reconsideration may be appropriate if (1) the court is presented with newly discovered evidence; (2) has committed clear error; or (3) there has been an intervening change in controlling law. *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Defendant alleges the court has committed clear error.

**B.     Common Law Assault and Battery Claim**

The court's August 23, 2010, ruling is inconsistent with its July 2, 2010 order which had substituted the United States as the sole party defendant, and which had the effect of automatically dismissing Kennedy from the complaint on Plaintiff's assault and battery claim. In finding that common law claims against Defendant Kennedy remained, the August 23, 2010 ruling had the effect of having essentially reconsidered and vacated its July 2, 2010 substitution decision.

**1.     Westfall Act: Plaintiff failed to seek court review of the scope-of-employment certification**

The Federal Tort Claims Act was amended by the Westfall Act, 28 U.S.C. § 2679, to provide federal employees with immunity from common law tort actions if the Attorney General or her designee (the United States Attorney) certifies that the employee was acting within the scope of his or her office or employment at the time of the incident out of which the action arose (28 U.S.C.A. § 2679(d)). There has been a great deal of concern and litigation interpreting the effect of scope of employment certifications made under the Westfall Act by the Attorney General or designees thereof. This is because in many cases, persons injured by federal employees acting in the scope of their employment will have no remedy whatsoever since the Westfall Act provides that the sole remedy of a person so injured is a suit against the United States and suit against the United States is barred because the United States has not waived sovereign immunity with to certain torts, such as assault and battery.

ORDER - 3

For example, in *U.S. v. Smith*, 499 U.S. 160 (1991)(an appeal from a decision of the 9th Circuit), the Supreme Court held that a military doctor could not be sued personally under the Westfall Act for alleged malpractice in connection with the delivery of a baby who sustained massive brain damage at an army hospital in Italy. The court held the doctor was acting within the scope of his employment at the time, that the U.S. was substituted as the defendant in the action, and that recovery against the U.S. was barred by a statute prohibiting claims against the U.S. for claims arising in a foreign country.

Once a scope of employment certification is made, the statute <u>mandates</u> the substitution of the U.S. as the defendant. Though courts have divided on this issue, the Ninth Circuit has held that the scope of employment certification by the Attorney General or her designee is subject to judicial review by the district court. *Meridian Intern. Logistics, Inc. v. U.S.,* 939 F.2d 740, 745 (9th Cir 1991). The review is de novo. *Id*. The certification is prima facie evidence that the conduct of the federal employee was in the scope of his or her employment, **and is conclusive unless challenged**. *Billings v. U.S.*, 57 F.3d 797, 800 (9th Cir. 1995), *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). The party challenging certification, or lack there of, bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence. *Id*. Here, the Plaintiff did not challenge the certification.

In this case, the unchallenged certification and substitution of the United States as the Defendant was dispositive of Plaintiff's assault and battery claim. Plaintiff's assault and battery claim falls within an exception to the FTCA's waiver of sovereign immunity. Despite it being Plaintiff's sole hope of success on the assault and battery claim, Plaintiff submitted no opposition papers to the United States' Motion to Substitute in on the assault and battery claim. Plaintiff did not and has not offered, or presented, any evidence rebutting the U.S. Attorney's certification that Defendant Kennedy was acting<u> within the scope of his employment at the time of the alleged commission of the </u>common-law tort. The only way a common law tort claim against Defendant Kennedy can proceed is if the

U.S. Attorney's scope of certification is successfully <u>refuted</u>.  Plaintiff's concession of this issue in July effectively conceded the common law tort claim.

2. **Opportunity to Challenge Substitution Order and Refute Applicability of the FTCA**

The issue the court now reconsiders is the propriety of the substitution of the United States as the proper defendant to Plaintiff's tort claim. Plaintiff's Amended Complaint alleges that on October 22, 2008 Defendant Kennedy threatened the Plaintiff and "struck her on the face." Ct. Rec. 15. Plaintiff *could have argued* and the court could have held that the Westfall Act was intended to apply to cases involving potential respondeat superior liability, which arguably Plaintiff's claims are not.  The legislative history of the Act supports that it was not intended to take from the jury its traditional job of deciding whether an egregious tort (well outside the scope of employment) had in fact occurred, or whether the act was within the scope of employment.  Obviously, the government has a strong incentive to bring employees within the protection of that immunity by stating that the tort was within the scope of employment; there is no countervailing incentive not to seek substitution.

However, it is a *Plaintiff's* burden to demonstrate by a preponderance of the evidence that the actions complaint of were *not* within the scope of employment. To determine whether an employee was acting within the scope of his employment under the Westfall Act, courts apply the respondeat superior law of the state in which the alleged tort occurred.  In Washington, the test for determining whether an employee is acting in the scope of his employment is "whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, or by specific direction of his employer." *Greene v. St. Paul-Mercury Indem. Co.*, 51 Wash.2d 569, 573, 320 P.2d 311 (1958).  More recent law indicates "the proper inquiry is whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct."   *Robel v. Roundup Corp.,* 148 Wash.2d 35, 54 (Wash. 2002). An employee's conduct is outside the scope of employment if it "is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a

ORDER - 5

purpose to serve the master." *Id.* (citing Rest. (2d) of Agency § 228(2)(1958). Determining the scope of employment is ordinarily a jury question, unless there can be only one reasonable inference from the undisputed facts. Acts that may break company policy, or that are done in a forbidden manner, may still be within the scope of employment. *Dickinson v. Edwards*, 105 Wash.2d 457, 470 (1986).

Respondeat superior cases are highly factual inquiries, which must be viewed in context, rather than in a vacuum. For example, it has been held that a truck driver was not acting within the scope of his employment when following an exchange of obscene gestures, he ran the plaintiff's car off the road and, after both vehicles had stopped, assaulted the plaintiff with a pipe. *Kuehn v. White*, 24 Wash.App. 274, 278, 600 P.2d 679 (1979). Yet in another case, Fred Meyer deli employees were held to have been acting within the scope of their employment when they verbally attacked a co-worker during working hours, committing the tort of outrage. *Robel*, 148 Wash. 2d at 54.

The court will allow Plaintiff **ten (10) days** from the date of this Order to inform the court if she wishes the court to re-open and re-consider the scope of employment issue, by filing a Motion to Vacate the Order of Substitution of the United States and for re-substitution of Defendant Kennedy. Any such motion shall set forth the evidence to support her burden of challenging the scope of employment certification of the United States Attorney (Ct. Rec. 18, Ex. A). If the Plaintiff feels discovery on the issue is needed, she shall so state.

In accordance with the ruling herein, the court accordingly **AMENDS** the August 23, 2010 Order by **STRIKING** the entire first paragraph of page five (5).

**C. Title VII**

**1. 45-Day Filing Requirement -- the Limitation Period**

Under Equal Opportunity Commission regulations, an "aggrieved" employee must consult an agency EEO counselor within 45 days of any "matter alleged to be discriminatory or, in the case of *personnel* action, within 45 days of the *effective date* of the action." 29 C.F.R. § 1614.105(a)(1). Defendant took the position in its Motion to

ORDER - 6

Dismiss that Plaintiff's Title VII claims are barred by Plaintiffs' failure to comply with this requirement. The court held in its August 23, 2010 Order: "The earliest possible date of a possible complaint by the Plaintiff was on November 25, 2008, and thus any Title VII claims against the Postmaster arising prior to October 10, 2008, must be dismissed." Ct. Rec. 35 at 4.

Defendant argues in the Motion for Reconsideration that the court misapplied the facts, as it is "undisputed" that Plaintiff first contacted an EEO counselor on January 8, 2009. The Defendant argues the 45-day limitation period started November 23, 2008 not October 10, 2008.

Defendant is correct. It is undisputed that Plaintiff's pre-complaint EEO counseling occurred on January 8, 2009. Ct. Rec. 26, Ex. 2. The limitation period thus started November 23, 2008, not October 10, 2008. <u>Lines 3 through 8 of page (4) of the court's August 23, 2010 are **STRICKEN**</u>.

**2. Exhaustion**

The court supplements its August 23, 2010 ruling with this analysis of which, if any, of Plaintiff's Title VII claims are subject to dismissal for lack of exhaustion. The court notes that Plaintiff, in opposing Defendant's Motion for Reconsideration, contends the court committed legal error by setting this cutoff date of October 10, 2008.

The 45-day rule operates like a statute of limitations, that is subject to waiver, estoppel, and equitable tolling. Thus while it is true *generally* that claims alleging conduct more than 45 days prior to employee's initiation of administrative review are time-barred, there are exceptions to this rule.

**a. The Title VII Allegations**

"The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (*citing Green v. Los Angeles Co. Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989)).

Plaintiff's formal EEOC Complaint (Ct. Rec. 26, Ex. 1) alleges discrimination and

ORDER - 7

retaliation based upon the following circumstances:

> Ongoing sexual harassment by Dave Kennedy who was both complainant's [sic] supervisor and her co-worker. Physical abuse and assaults by Dave Kennedy and Dave Shopbell. USPS management refused to reschedule complainant's [sic] work duties so she would have no contact with Shopbell and Kennedy.

Ct. Rec. 26, Ex. 1.

Plaintiff's Amended Complaint includes Title VII claims for constructive discharge, harassment/hostile work place, and retaliation. The complaint alleges that the assault by Defendant Kennedy occurred on October 22, 2008. Plaintiff alleges that on November 7, 2008 she tendered a letter of resignation, but she continued working beyond that date, presumably until the effective date of her resignation, Friday, November 28, 2010.  Ct. Rec. 15 at ¶ ¶3.9, 3.12.  The Amended Complaint alleges that "[a]fter submitting her resignation, but before her final day of employment" she reported the alleged discrimination/retaliation to USPS officials, and that officials "failed or refused to transfer her to another location..." *Id*. at ¶¶ 3.12, 3.13. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)

### b. Title VII Claim No. 1: Constructive Discharge

The last act of discrimination alleged in the Amended Complaint occurred on November 28, 2008, the effective date of Plaintiff's resignation, which Plaintiff alleges was a constructive discharge.  This is five days within the limitations period.  Moreover, it is a claim that "could reasonably be expected to grow out of the [EEOC] charge." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).  Thus, Plaintiff's first claim, for constructive discharge, is not time barred.

### c. Title VII Claim No. 2: " Harassment & Hostile Work Place"

Plaintiff raised in the EEOC claim ongoing sexual harassment, assaults, and the refusal of management to reschedule work duties to have no contact with the allegedly offending employees. "Because acts of harassment may not all occur within the filing period, the Supreme Court has held "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *National R.R. Passenger*

ORDER - 8

*Corp. v. Morgan,* 536 U.S. 101, 102 (2002).

The alleged "ongoing sexual harassment" allegedly began prior to November 23, but could have potentially continued until her final day of work. It can not be determined on a motion to dismiss record when the alleged refusal to reschedule or transfer occurred, but presumably it also could have occurred up until her effective date of resignation November 28, 2008, (and perhaps later on December 8, 2008 when Plaintiff allegedly returned to speak to USPS) which is within the limitation period. Moreover, Plaintiff includes her alleged constructive discharge as part of her hostile work environment claim, accordingly, on the record <u>as alleged by Plaintiff</u>, at least "*an* act contributing to the claim" occurred within the limitation period and Defendant's Motion to Dismiss this claim must be denied.

Moreover, in a case where a Plaintiff is alleged to have experienced a continuous practice and policy of discrimination/harassment, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it. If a continuing violation is shown, a plaintiff is entitled to have a court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred. Plaintiff's complaint alleges that beginning in April or May 2008, Defendant Kennedy began "tormenting" her. The EEOC complaint alleged "ongoing sexual harassment". At a later juncture, Plaintiff could assert that the allegations fall within the purview of the continuing violation doctrine, and therefore incidents occurring prior to the November 23, 2008 date may be considered by the court..

**d. Title VII Claim No. 3: Retaliation**

The Amended Complaint is vague as to the factual basis of Plaintiff's retaliation claim, because Plaintiff merely incorporates all previously alleged facts in the factual contention. However, there is sufficient evidence in the Amended Complaint to deny Defendant's Motion to Dismiss on this claim. The discrete act of retaliation alleged in the EEOC Complaint is the refusal to transfer/reschedule. Presumably, this conduct

ORDER - 9

could only have occurred after Plaintiff allegedly met with USPS officials, which occurred sometime before her termination date of November 28, 2008, and could have occurred after November 23, 2008. Accordingly, on the record as alleged by Plaintiff, it is impossible to grant Defendant's Motion to Dismiss, as Plaintiff's Amended Complaint leaves open the possibility that retaliation occurred within the limitation period.

### III. CONCLUSION

Defendant's Motion to Reconsider (**Ct. Rec. 36**) is **GRANTED**. The court amends and supplements the court's August 23, 2010 Order as set forth herein:

1. Lines 3 through 8 of page four (4) and the first paragraph of page five (5) of the court's August 23, 2010 Order are **STRICKEN**.
2. Defendant's Motion to Dismiss Plaintiff's employment-related claims for failure to exhaust is **DENIED**.
3. Title VII exhaustion issues are ordinarily addressed on summary judgment, not on a motion to dismiss. To the extent that issues of exhaustion could not be resolved on a motion to dismiss, the court **GRANTS IN PART** Plaintiff's Motion to Continue Pursuant to Rule 56(f) (**Ct. Rec. 28**).
4. If Plaintiff desires to challenge the United States' scope of employment certification, Plaintiff shall have **ten (10) days** from the date of this Order to file a Motion to Vacate the Order of Substitution.

**IT IS SO ORDERED**. The Clerk is directed to enter this order and to provide copies to counsel.

DATED this 5th day of October, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10